## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS

**LORETTA BURKS**     **2nd DIVISION**     FILED     **PLAINTIFF**

vs.     23 CV-2016- 469     2016 APR 7 AM 9 02

**PORTFOLIO RECOVERY ASSOCIATES, LLC**     RHONDA ...     BY ___pm___ **DEFENDANT**

### COMPLAINT

Comes now Plaintiff, Loretta Burks, by and through her attorneys, Kathy A. Cruz, the Cruz Law Firm, P.L.C., Joel G. Hargis, Hargis Law Office, and for her complaint states and alleges as follows:

### PARTIES

1. The Plaintiff, Loretta Burks (hereinafter, "Plaintiff" or "Burks") is an individual and citizen of the County of Faulkner, State of Arkansas.

2. The Defendant is Portfolio Recovery Associates, LLC, (hereinafter "PRA").

PRA consented to jurisdiction of this Circuit Court of Faulkner County, Arkansas, by filing a garnishment on March 16, 2015, and by serving said garnishment on US Bank on April 7, 2015, causing US Bank to freeze the Plaintiff's account on April 8, 2015.

PRA is a Virginia limited liability company and, according to the Arkansas Secretary of State's office, its registered agent for service of process is The Corporation Service Company, 300 Spring Building, Suite 900, 300 Spring Street, Little Rock, Arkansas 72201, and the Defendant, PRA, will be served pursuant to the information on file with the Arkansas Secretary of State's office.

### INTRODUCTION

3. The Plaintiff restates and realleges each and every material allegation contained in paragraphs 1-2 hereinabove.

4. This cause of action arose from, and Plaintiff seeks redress and damages and punitive damages for, Defendant's violation of the Arkansas Deceptive Trade Practices Act ACA §4-88-107, violation of the Fair Debt Collection Practices Act 15 USC §1692, violation of the Arkansas Fair Debt Collections Practices Act ACA §17-24-203, slander of title, slander of credit, outrage, fraud, punitive damages, violation of ARCP 11, and civil RICO. Plaintiff seeks a declaratory judgment that the Plaintiff does not owe PRA $43,265.82 in post judgment interest that allegedly arose from a January 20, 2015, judgment in the amount of $6,016.07 plus attorney fees of $601.00 and costs of $130.86 and a garnishment filing fee of $10.00 resulting from a judgment less than sixty (60) day old and limited to post judgment interest at the rate of five (5) percent.

## JURISDICTION

5. The Plaintiff restates and realleges each and every material statement contained in paragraphs 1-4 hereinabove.

6. This Court has jurisdiction and Faulkner County is the proper venue. In the present matter, Plaintiff alleges that Defendant is not an original creditor and thus ACA §4-88-107 is applicable.

7. Pursuant to Section 1692 of Title 15 of the United States Code, this Court has jurisdiction to hear Fair Debt Collection Practices Act (FDCPA) violations.

8. Pursuant to Section 1681 of Title 15 of the United States Code, the Court has jurisdiction to hear Fair Credit Reporting Act (FCRA) violations.

9. Further, if during the discovery process it should become necessary to amend these pleadings to include reference to other federal causes of action, the Court also has jurisdiction to hear violations of 15 USC §1666 (The Fair Credit Billing Act, hereinafter

"FCBA").

## VENUE

10. The Plaintiff restates and realleges each and every material allegation contained in paragraphs 1-9 hereinabove.

## FACTS

11. The Plaintiff restates and realleges each and every material allegation contained in paragraphs 1-10 hereinabove.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE ARKANSAS DECEPTIVE
### TRADE PRACTICES ACT - ACA §4-88-107

12. Plaintiff restates and realleges each and every material allegation contained in paragraphs 1-11 hereinabove.

13. Defendant claims to be entitled to collect $50,023.75 from Plaintiff pursuant to a Judgment entered on January 20, 2015.

14. Defendant collected monies from Plaintiff pursuant to a Writ of Garnishment issued to US Bank on April 7, 2015, and acted on by US Bank on April 8, 2015

15. It is unconscionable and outrageous that Defendant is attempting to collect $43,265.82 in interest on a judgment of $6,016.07 taken less than sixty (60) days prior to the writ of garnishment being issued that only allow post-judgment interest at a rate of five (5) percent.

16. Here, we have a sophisticated Defendant represented by experienced legal counsel, who are:

    (1) filing writs of garnishment that contain post judgment interest at a rate above the judgment rate, when they knew, or should have known that Defendant was not entitled to such interest;

(2)    knew, or should have known, that the terms of the Judgment required the Defendant to comply with ARCP 11.

17.    Any single one of the above acts is unconscionable, but the accumulation of all of these above acts rises to the level of outrageous and fraudulent conduct on the part of Defendant.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT - 15 USC §1692

18.    Plaintiff hereby realleges and restates each and every material allegation contained in paragraphs 1-17 hereinabove.

19.    Plaintiff, by virtue of not owing a debt to PRA in the amount stated in the garnishment is not a proper party from whom Defendant may attempt to collect $50 023.75.

20.    A violation of 15 USC §1692 occurs when a debt collector attempts to collect a debt that is not owed. The debt must be a consumer debt, the Debtor must be a consumer, the creditor must be a Debt Collector and not an original creditor. All these requirements are met in this case. The Statute of Limitations for a FDCPA violation is one year, and Defendant caused a garnishment in excess of the post-judgment interest rate to be collected from the Plaintiff on April 8, 2015, thus this action is timely.

## THIRD CAUSE OF ACTION
## SLANDER OF TITLE

21.    Plaintiff hereby realleges and restates each and every material allegation contained in paragraphs 1-20 hereinabove.

22.    Defendant caused to be filed of record a Judgment. Arkansas is a notice filing state. ACA § 14-15-404 (Supp. 2007). *MERS V Southwest Homes of Arkansas*, 2009Ark 152, 301 S.W. 3d 1 (2009). By filing the Judgment, any prospective buyer is legally on notice that there is a

claim against Plaintiff's property. No prospective buyer would be able to obtain any financing to purchase Plaintiff's property without first paying, in full, any amount demanded by Defendants, as that would be a requirement by the underwriters and the title insurance company.

23. Thus, Plaintiff would have been required to pay Defendant the amount alleged in the April 8, 2015 garnishment to secure a release of her January 20, 2015 Judgment, when such amount is not due.

24. Arkansas recognizes slander of title pursuant to *Sinclair Ref. Co. vs. Jones*, 188 Ark 1075, 70 S.W. 2d 562 (1934).

### THIRD CAUSE OF ACTION
### SLANDER OF CREDIT

25. Plaintiff hereby realleges and restates each and every material allegation contained in paragraphs 1-24 hereinabove.

26. When Defendant caused to be published the Judgment and Writ of Garnishment they caused a public record to be made that indicated Plaintiff was indebted to Defendant, which does not appear to be an accurate assessment of the documents filed in this case.

### FOURTH CAUSE OF ACTION
### VIOLATION OF ARKANSAS' FAIR DEBT COLLECTION PRACTICES ACT
### ACA 17-24-203

27. Plaintiff hereby realleges and restates each and every material allegation contained in paragraphs 1-26 hereinabove.

28. Defendant attempted to collect a debt that was not owed by the Plaintiff to the Defendant.

## FIFTH CAUSE OF ACTION
## FRAUD

29. Plaintiff hereby realleges and restates each and every material allegation contained in paragraphs 1-28 hereinabove.

30. The acts of an Arkansas attorney are binding on the client. *Lovelace vs. Director, Employment Security Dept.*, 79 S.W. 3d 400, 78 Ark App 127 (2002). Thus, Defendant is responsible for the failure of their attorneys in filing a writ of garnishment for more interest than allowed by law.

## SIXTH CAUSE OF ACTION
## CIVIL RICO

31. Plaintiff hereby realleges and restates each and every material allegation contained in paragraphs 1-30 hereinabove.

32. Pursuant to *Lovelace, supra*, the acts of the attorney are binding on the client, thus Defendant has agreed to defraud Plaintiff by filing a Writ of Garnishment for a debt that is not owed, and have demanded payment of that debt by filing a Writ of Garnishment.

33. Defendant has filed a Judgment and Writ of Garnishment of public record.

34. Defendants have attempted to collect the alleged debt by garnishing the Plaintiff's bank account.

35. Civil Rico 18 USCA §1961, has a statute of limitations of four (4) years. *See, Agency Holding Corp. vs. Malley-Duff Associates, Inc.*, 483 U.S. 143, 156, 107 S. Ct. 2795, 97 L. Ed. 2d 121 (1987).

## SEVENTH CAUSE OF ACTION
## INJUNCTIVE RELIEF

36. The Plaintiff hereby realleges and restates each and every material allegation contained in paragraphs 1-35 hereinabove.

37. Plaintiff requests that this Court issue its injunction to prevent Defendant from continuing to collect the amounts contained in the Writ of Garnishment. As shown above, those amounts are not due and owing to Defendants.

## EIGHTH CAUSE OF ACTION
## DECLARATORY JUDGMENT

38. Plaintiff hereby realleges and restates each and every material allegation contained in paragraphs 1-37 hereinabove.

39. Plaintiff requests that this Court issue a declaratory judgment based on paragraphs 1-38 above that Defendant has no claim for accrued post-judgment interest in the amount of $43,256.82 against the Plaintiff.

## NINTH CAUSE OF ACTION
## OUTRAGE

40. Plaintiff hereby realleges and restates each and every material allegation contained in paragraphs 1-39 hereinabove.

41. The tort of outrage is recognized by Arkansas law. *McQuay vs. Guntharp*, 963 S.W 2d 583, 331 Ark 466 (1988).

42. The tort of outrage consists of the actor knowing or should know that the acts would inflict emotional damage, that the acts are beyond the bounds of decency, that the acts are intolerable in a civilized society, and the emotional distress caused is so severe that no reasonable person should have to suffer that emotional distress.

7

43. It is hard to imagine that any actor would believe that charging $43,265.82 in interest on a $6,016.07 judgment for less than sixty (60) days would not create severe emotional distress. When Defendant embarked on their pursuit of Plaintiff for a Writ of Garnishment, they knew or should have known that the process leading to freezing the Plaintiff's bank account would cause severe emotional distress.

44. It is outrageous for Defendant to begin the process of garnishing Plaintiff's bank account, and in addition, illegally deprive her of due process. This is particularly true when Defendant's licensed Arkansas legal counsel knows or should know that depriving Plaintiff of her guaranteed due process required due diligence of Defendant to only garnish in an amount allowed by law. This simple task, conveniently ignored by Defendant and their self-proclaimed knowledgeable and experienced Arkansas counsel, legally deprived the Plaintiff of her due process rights to have judicial oversight of any garnishment.

## TENTH CAUSE OF ACTION
## PUNITIVE DAMAGES

45. Plaintiff hereby realleges and restates each and every material allegation contained in paragraphs 1-44 hereinabove.

46. Punitive damages are authorized by Arkansas statutory law, and other federal consumer protection laws, stated herein *supra*.

47. The actions of Defendant and their agents cumulatively rise to the level of outrageous conduct to deprive Plaintiff of her money, to convert funds of Plaintiff to the benefit of Defendant, and upon information and belief to violate the laws of Arkansas.

## ELEVENTH CAUSE OF ACTION
## VIOLATION OF ARCP 11

48. Plaintiff hereby realleges and restates each and every material allegation contained in

paragraphs 1-47 hereinabove.

49. The Defendant included language in the Judgment stating that section 1(a) of Act 610 of 1991 was applicable to the Plaintiff thus Plaintiff had an obligation to file a schedule verified by affidavit of all property, both real and personal, including moneys, bank accounts, rights, credits and choses in action held by her or others for her and to specify the particular property which she claimed exempt under provisions of law, and file that schedule with the clerk of the Court within 45 days of judgment.

50. PRA is represented by licensed Arkansas counsel who knew of or should have known that section 1(a) of Act 610 of 1991 is not applicable in District Court as Arkansas District Court as Arkansas District Courts are not courts of record as required by section 1(a) of Act 610 of 1991 thus this Act does not apply to the Plaintiff, yet Defendant told a pro se client it was applicable and then failed to have candor toward the Court and caused the Court to enter an illegal order.

## DAMAGES

51. The Plaintiff hereby restates and realleges each and every material allegation contained paragraphs 1-50 hereinabove.

52. Arkansas allows the award of attorney fees to the prevailing party if the underlying contract allowed for the award of attorney fees ACA 16-22-308, and PRA alleged it was entitled to attorneys fees based on PRA being in privity of contract with the Plaintiff, thus if Plaintiff is the prevailing party as to a garnishment based on an alleged contract, then Plaintiff is also entitled to an award of attorney fees pursuant to ACA 16-22-308, and the FDCPA and FCRA are fee shifting statues entitling Plaintiff to attorney fees on those counts.

53. The Plaintiff was damaged in that she suffered public humiliation, stress, emotional distress, actual costs in phone bills, postage, attorney fees, costs of the forensic document examiner,

payment of amounts not due to the Defendant, endured headaches, stomach irritation, loss of sleep, and costs of additional medication.

54. The Plaintiff demands damages in an amount sufficient to compensate her for the above actual damages, and, in an amount in excess of federal jurisdictional amounts, and for punitive damages to deter Defendant from continuing their abuse of process and fraudulent activities.

### PRAYER FOR RELIEF

WHEREFORE, for good cause stated, Plaintiff prays that this Court enjoin the Defendant from further attempts to collect any amount from Plaintiff not authorized by law, issue a declaratory judgment that Defendant has not complied demanding interest in an amount allowed by law, find that punitive damages are warranted and for the tort of outrage, for her actual damages, attorney fees, costs incurred herein, and all other relief to which she may be entitled.

Respectfully submitted,

_____
Kathy A. Cruz - AR Bar No. 87079
THE CRUZ LAW FIRM
1325 Central Avenue
Hot Springs, AR 71901
501-624-3600 (telephone)
501-624-1150 (facsimile)
kathycruzlaw@gmail.com

Joel G. Hargis, AR Bar No. 2004-007
Hargis Law Office
512 West Washington Ave.
Jonesboro, AR 72401
870-336-6407 (telephone)
870-277-4005 (facsimile)
joel@hargislawoffice.com